## THE FARRAND & VOTEY ORGAN COMPANY, RESPONDENT, *v.* THE BOARD OF CHURCH EXTENSION OF THE METHODIST EPISCOPAL CHURCH, APPELLANT.

1. *Property Obtained by False Representations—Action to Recover.*

   An organ was set up in a church by the plaintiff upon an agreement made with H., who represented that he was agent of the trustees, when he was not, and the trustees refused to ratify the contract and pay for it. *Held,* That the plaintiff might recover the organ or its value in case the organ could not be returned.

2. *Demand—Reasonable Time.*

   Nine months is not an unreasonable time to delay a demand for personal property, where there is reasonable expectation that by delay the matter could be adjusted without suit.

3. *Witness' Opinions—When not Reversible Error.*

   No evidence of the ratification of a contract made in the name of trustees without their authority having been offered, the fact that a witness expressed his opinion that there was none, is not reversible error.

4. Without alleging special damages the plaintiff may recover in replevin what the use of the property was reasonably worth during its detention.

( Decided September 30, 1898. )

Appeal from Second district court, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by the Farrand & Votey Organ Company *vs.* the Board of Church Extension of the M. E. church, in replevin for an organ or its value and for damages for its use. Judgment for plaintiff for possession of the organ or $3,000, its value if not delivered, and for $410 damages. Defendant appeals. *Affirmed.*

The opinion states the facts.

*L. A. Ostien, Esq.*, and *A. E. Pratt, Esq.*, for appellants.

The court erred in denying a nonsuit. *Andrews v. Ins. Co.*, 92 N. Y. 596; *Brown v. Parsons*, 10 Utah, 223; *Armstrong v. Cache L. & C. Co.*, Utah 49, p. 690; *Kelly, et al, v. Kershaw*, Utah. 14, p. 804 and note; *Sartwell v. Frost*, 122 Mas. 184; *Reed v. Morton*, 1 L. R. 736; *Hatch v. Taylor*, 10 N. H. 538; *Collins v. Townsend*, 58 Cal. 608; *Henderson, et al., v. Gibbs, et al*, 18 P. 926; *Merrill v. Rokes*, 54 Fed. Rep. 450; *Band of Lakin v. National Bank*, Kas. 45, p. 587; Effect of Ratification: 1 A. & E. Enc. Law, 2d Ed. page 1213.

The sale was absolute and unconditional without reservation of title. *Bailey v. Fox*, 20 P. R. 868 Cal.; Tredeman on Sales, sec. 163, p. 225 and cases cited. *Thompson, et al v. Peck et al*, 18 N. E. Rep. 16 Ind.; *Bell v. Keepers*, 17 P. R. 785 Kan.; *Kelley and wife v. Kershaw and wife*, 14 P. R. 804 and note, Utah; *Henderson et al v. Gibbs et al*, 18 P. R. 926 Kan.; *Jennings v. Gage et al*, 13 Ill. 611; *Underwood v. West*, 52 Ill. 397; *Smith v. Brittenham*, 98 Ill. 188; *Physio-Medical College of Ind. et al v. Wilkinson, et al*, 9 N. E. Rep. 167 and note; *Morrison v. Lods*, 39 Cal. 381; *Gifford v. Carville*, 29 Cal. 589.

The organ when built in the church became a fixture and a part of the realty and hence not subject to claim and delivery. *Rogers v. Crow*, 40 Mo. 91; *Chapman v. Ins. Co.*, 4 Ill. App. 29.

*Messrs. Stephens & Smith*, for respondent.

*Henderson, et al, v. Gibbs*, 18 Pac. 926, cited by defendant, is decisive of the proposition that under the cir-

cumstances plaintiff had a perfect right to rescind the contract and recover back the organ from the defendant, even though the organ had been taken out of the church and specifically conveyed to the defendant, the defendant giving no consideration except a pre-existing debt.

In all cases where special damage is shown, interest on value during the time the successful party is deprived of goods, is the proper measure of damages. Cobbey on Replevin, Sec. 877.

In all cases where demand may be insisted upon, if the defendant sets up title in himself, it is equivalent to a waiver of demand. Cobbey on Replevin, Sec. 448.

ZANE, C. J.:

This is an appeal by the defendant from a judgment giving the plaintiff the possession of an organ in defendant's possession, or $3,000, its value, if not delivered, and for $410 damages.

It appears from the record that plaintiff, a corporation dealing in organs, in the city of Chicago, Illinois, entered into a written contract with J. Wesley Hill, pastor of the Methodist Episcopal Church of Ogden, Utah, who represented that he was chairman of its Board of Trustees, with full power to contract on behalf of the church, and who as such chairman signed and delivered the contract to the plaintiff. The terms of the contract required plaintiff to deliver and set the organ up in the church by a day named, and purported to bind the church to pay therefor $3,000. The church was also required to pay the freight for transporting the instrument from Detroit, Michigan.

It appears further that the plaintiff set the organ up and delivered it as required about August 25, 1891; that on December 6th, 1892, when the contract was brought to the attention of the trustees by the agent of the plaintiff, they

disclaimed any previous knowledge of it, and informed him that Hill had no authority to make the contract. It also appears that the trustees had been informed by Hill that the organ was presented to the church by one P. A. H. Franklin; that the church must pay the freight for the transportation from Detroit to Ogden; that the plaintiff advanced $490, as freight, at the request of trustees, and took their note therefor; that $100 was afterwards paid on the note; that Hill paid $400 on the organ; that these payments or the note have not been returned to Hill, or the trustees.

It also appears that in November 1892, the trustees conveyed the church building to the defendants, without mentioning the organ, and that they still continued to repudiate the contract entered into by Hill. The jury found the issues as to the possession of the organ for the plaintiff; and found its value to be $3,000, and the damages for its detention $410.

There can be no doubt from the evidence that the plaintiff's agent was induced to sign the contract and to deliver the organ by the false representations of Hill, that the board had authorized him to make the contract as its chairman, and the jury so found.

When the trustees refused to ratify the contract, or to pay for the organ, the plaintiff was authorized to demand its return, and in case it was not delivered to institute an action for its possession, and in case possession should not be obtained, for its value and for damages.

It appears that the trustees, about May 11, 1893, deeded the church to the defendant, and that the agent of plaintiff was present. It is claimed that the church ratified the contract by that transfer. But it also appears that the trustees at the same time, by resolution, refused to ratify the contract, and informed plaintiff's agent that it

must look to Hill for payment. In view of this resolution we cannot hold that the trustees by that transfer ratified the contract.

It further appears that on September 4, 1893, the defendant, upon demand by the plaintiff, refused to return the possession of the organ. This demand, it appears, was delayed about nine months after the trustees informed the plaintiff that the contract, upon which it relied, was unauthorized by them, and after they refused to ratify it. By this delay defendant insists the plaintiff waived its right to this action. We cannot concur in this view. We are authorized to presume from circumstances in evidence, that the plaintiff deferred its demand with a reasonable expectation that the matter would be adjusted; but failing in that the plaintiff had the right to insist upon a return of the organ.

The witness Boréman was asked, "You may state whether the Board of Trustees ever ratified Mr. Hill's contract?" and was permitted by the court, over the objection of defendant to answer "The board did not." The ruling of the court permitting the witness to express his opinion, was erroneous; but there was no evidence of ratification, and under the circumstances in evidence, we do not regard the ruling as reversible error.

Plaintiff's witness, Leopold Heerwagen, was permitted by the court, against defendant's objection, to state the value of the use of the organ from the date it was set up and delivered to the church, to the time of the trial, was $810; that plaintiff could have realized that much for its use during that time. This ruling of the court is also assigned as error.

The rule applicable in such case has been stated as follows: "Interest on the value will not be adequate com-

18 Utah—3.

pensation, and is not the measure of damages where the use of the property detained is valuable. The owner is entitled to recover the value of the use if he prefers it to interest, during the time he was deprived of possession. Without alleging special injury the plaintiff may recover in replevin such damages for the detention of the property as the jury, upon all the evidence, may be satisfied that its use, considering its nature and character, was worth during the time of the detention." 3 Suth. on Damages, Sec. 1144.

The jury found as damages for the detention of the organ by defendant, the amount of $410, a little more than half the value of the use of the organ as stated by the witness.

We are of the opinion that it was not error to allow the plaintiff the value of the use of the property during its unlawful detention, instead of interest on its value.

The defendant urges further that the plaintiff was required to return the note for $490, for freight, advanced to it by the trustees. At that time they understood that they were simply to pay the freight, and that Franklin would present the organ to the church, and the plaintiff understood that Hill was authorized to bind the church—both parties were deceived by him.

Whether the plaintiff can enforce the collection of that note, it is not necessary to decide.

We are of the opinion that the court did not err in holding that this suit could be maintained without the return of the note, or the $100, paid by the trustees upon it, or without returning to Hill the $400, paid by him on the organ.

We also hold that the organ did not become realty by being set up in the church building; it was not so attached

to the building as to make it real estate, and therefore it could be taken upon a replevin writ.

We find no reversible error in this record. The judgment is affirmed.

BARTCH, J. and MINER, J. concur.